UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN CAZENAVE | CIVIL ACTION |
| VERSUS | NO. 25-128 |
| THE MOVERS, LLC | SECTION "L" (4) |

### ORDER AND REASONS

Before the Court is a motion to dismiss for lack of jurisdiction filed by Defendant, The Movers, LLC. R. Doc. 7. Plaintiff Stephen Cazenave opposes the motion. R. Doc. 8. Defendant replied. R. Doc. 9. Considering the record, the briefing, and the applicable law, the Court now rules as follows.

I. BACKGROUND

This suit arises out of alleged unpaid wages. Plaintiff Stephen Cazenave avers that he is an accountant, with a degree in Finance from Tulane University and seven years' experience as a "production accountant in the movie industry." R. Doc. 1 at 1. He maintains that on June 30, 2023, he signed an employment contract with Defendant, "The Movers," an LLC located in Jackson, Mississippi involved in the movie industry. *Id.* at 2. Plaintiff alleges that his pay was to be "$3500 per week plus $100.00 per week for 'box rentals' [rental of his personal computer, printer and office space at his residence]." *Id.* at 3. Furthermore, he avers that under the terms of the contract, he "earned $158.00 per day in fringe benefits payable . . . to the IATSE National Labor Management Health, Welfare, and Pension Trust Fund." *Id.*

Plaintiff alleges that after only a few weeks of employment, Defendant terminated him without just cause on July 18, 2023. *Id.* On that date, Plaintiff demanded his unpaid wages including "$22,700 in wage benefits and $3,160 in fringe benefits." *Id.* He avers that a month later, on August 18, 2023, Defendant paid a portion of the wages. *Id.* However, "there was a

1

short fall of $7,500.00 in salary, plus accrued fringe benefits of $1,580.00" He avers that Defendant has still never paid these amounts, which total $9,080. *Id.*

Plaintiff seeks to recover the "unpaid compensation" of $9,080 pursuant to Louisiana Revised Statute § 23:631. *Id.* at 3-4. Further, he seeks $79,020 in penalties pursuant to Louisiana Revised Statute § 23:632. *Id.* at 3. Overall, Plaintiff specifically states that he seeks "a total of $88,100.00 as with interest provided by law and reasonable attorney fees." *Id.* at 4. Plaintiff filed suit in this Court pursuant to diversity jurisdiction, specifically alleging that "the amount in controversy is in excess of $75,000." *Id.* at 1.

## II. PRESENT MOTION

Defendant seeks dismissal of the case for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). R. Doc. 7. It argues that Plaintiff fails to adequately plead an amount in controversy above $75,000. R. Doc. 7-1 at 1. Defendant avers that Plaintiff is not entitled to penalty damages because the facts show that "payment of plaintiff's wages [was] a priority for the defendant, and that the defendant made payment to plaintiff six days after demand was made." *Id.* at 3. It also contends that Plaintiff cannot obtain penalties under Louisiana Revised Statute § 23:632 because Defendant had a "good faith belief that plaintiff was paid in full." *Id.* Further, it argues that even if any penalties are due to Plaintiff, "they could not and would not exceed $75,000" because Plaintiff is only seeking $9,080 in actual unpaid wages. *Id.*

Plaintiff opposes the motion. R. Doc. 8. He argues that his Complaint plainly alleges that Defendant failed to promptly pay him wages owed after his discharge, as is required by Louisiana Revised Statute § 23:631. *Id.* Thus, he avers that the Complaint adequately alleges that he is entitled to penalties under § 23:632, that is, "ninety days wages at the employee's daily rate of pay." *Id.* at 2. Accordingly, Plaintiff reiterates that he seeks penalties in the amount of $79,020, as well as the remaining balance of the unpaid wages in the amount of $9,080 and attorney's fees. *Id.* Thus, he

2

contends that he has adequately alleged an amount in controversy sufficient to invoke this Court's jurisdiction.

Defendant replied, arguing that Plaintiff's assertion that he is entitled to a penalty is "unsupported by factual evidence." R. Doc. 9 at 2. Rather, it argues that "the evidence establishes" that Defendant "believed at that time that it had paid Plaintiff in full and had a good-faith basis for non-payment of the remaining amount." *Id.*

### III. LAW & ANALYSIS

The Court will deny Defendant's motion. Plaintiff brings his suit pursuant to this Court's diversity jurisdiction. Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy that exceeds $75,000. *See* 28 U.S.C. § 1332(a). Here, the parties do not dispute diversity of citizenship; the only issue before the Court is whether Plaintiffs have adequately plead the requisite amount in controversy. The party seeking to invoke federal diversity jurisdiction bears the burden of establishing that the amount in controversy exceeds $75,000 by a preponderance of the evidence. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "To determine the amount in controversy, courts generally accept a plaintiff's good faith claim." *Am. Fam. Connect Prop. & Cas. Ins. Co. v. De La Garza*, No. 20-1231, 2021 WL 8053507, at *2 (W.D. Tex. Oct. 18, 2021). Dismissal is thus only appropriate if "[f]rom the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed." *Id.* Crucially, a 12(b)(1) motion is analyzed under the "same standard" as a 12(b)(6) motion. *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). That is, the court must "accept the complaint's well-pleaded factual allegations as true" and draw inferences for the plaintiff. *See Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021).

Here, the Court finds that the Complaint facially claims an amount in controversy exceeding $75,000. Plaintiff seeks damages under Louisiana Revised Statute § 23:631(A)(1)(a), which provides that:

> Upon the discharge of any laborer or other employee of any kind whatever, it shall be the duty of the person employing such laborer or other employee to pay the amount then due under the terms of employment, whether the employment is by the hour, day, week, or month, on or before the next regular payday or *no later than fifteen days following the date of discharge*, whichever occurs first.

(emphasis added). Here, Plaintiff alleges that Defendant paid him none of the owed wages until more than 30 days after his termination and that even then, Defendant failed to pay the full amount. Accordingly, Plaintiff adequately alleges that Defendant violated this statute and is liable for the $9,080 it never paid to Plaintiff. Further, Plaintiff seeks penalties for this alleged failure to pay. Lousiana Revised Statute § 23:632 provides that:

> Except as provided for in Subsection B of this Section, any employer who fails or refuses to comply with the provisions of R.S. 23:631 shall be liable to the employee either for ninety days wages at the employee's daily rate of pay, or else for full wages from the time the employee's demand for payment is made until the employer shall pay or tender the amount of unpaid wages due to such employee, whichever is the lesser amount of penalty wages.

Here, the ninety-day penalty would be the lesser of the two because Plaintiff alleges that he has *never* been paid in full. And, Plaintiff specifically alleges in his Complaint that he seeks a total penalty of $79,020 under this provision. Although Plaintiff does not explain his calculation, the Court can follow his math from the figures alleged in the Complaint. First, Plaintiff alleges that he was to be paid "$3,500 per week," plus "$100 per week in box rentals." R. Doc. 1 at 2-3. Accordingly, Plaintiff appears to have added these figures for a weekly rate of $3,600. He has then divided this by five, seemingly representing a standard five-day workweek, to calculate a base daily pay rate of $720 per day. To this amount, Plaintiff has added his daily "fringe benefit" pay, alleged in the Complaint

4

to be $158 per day, for a total "daily rate of pay" of $878. *Id.* at 3. He has then apparently multiplied $878 by the "ninety days" provided in the statute to arrive at his penalty calculation of $79,020.

Overall, then, Plaintiff has added the $9,080 in alleged unpaid wages to the $79,020 to arrive in a total amount sought of $88,100 plus costs and attorneys' fees. Although the Court does not decide, at this stage, whether Plaintiff has properly calculated any penalty, the Court observes that the demand has at least some support from the figures in the Complaint and is thus sufficiently plausible to establish jurisdiction. *See Roth v. Inspectorate Am. Corp.*, No. 19-876, 2020 WL 5835317, at *3 (M.D. La. Sept. 15, 2020) (finding that a defendant's calculation of a § 23:632 penalty was "based on facts alleged in the petition"—and thus sufficiently reliable for a jurisdictional-amount analysis— where the defendant divided plaintiff's alleged bi-weekly income by ten standard workdays to get a daily rate of pay and then multiplied that number by ninety). Here, although Defendant argues in a conclusory way that any penalties "would not exceed $75,000," Defendant makes no specific attack on Plaintiff's calculation of the penalty he seeks. Accordingly, the Court finds that Plaintiff has adequately shown, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.

Defendant also argues that Plaintiff is not entitled to a penalty because Defendant acted in good faith in refusing to pay the disputed wages. This argument goes to an exception to the penalty statute, which provides that a penalty is not available if the "employer's dispute over the amount of wages due was in good faith." La. Rev. Stat. § 23:632(B). However, such an argument fails on a 12(b)(1) motion because it goes to the merits of the case, not the adequacy of Plaintiff's allegations. *See Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021) (holding that when ruling on a Rule 12(b)(1) motion, the court must "accept the complaint's well-pleaded factual allegations as true"). Thus, Defendant's potential good-faith defense does not defeat Plaintiff's well-plead allegation of the amount in controversy.

## IV. CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Defendant's motion to dismiss, R. Doc. 7, is **DENIED.**

New Orleans, Louisiana on this 13th day of May, 2025.

                                             Eldon E. Fallon
                                       U.S. District Court Judge